## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

| | |
|---|---|
| **GRANT RUSH MARKSBERRY** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 1:10CV-105-M** |
| **JACKIE T. STRODE** *et al.* | **DEFENDANTS** |

### MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, a convicted inmate currently incarcerated at the Warren County Regional Jail, filed this 42 U.S.C. § 1983 action against Jailer Jackie T. Strode and Chief Deputy Gayle Eston in their official and individual capacities. Plaintiff is seeking compensatory and punitive damages.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint. After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### II. FACTS

In the statement-of-claim section of the form complaint filled out by Plaintiff, he describes his claim as follows:

> On 5-21-10 I went to the nurse on the county side of the Warren County Regional Jail. While waiting to be escorted back to the class D facility I was in the library. Chief Deputy Eston, while in the Hallway, asked the medical staff "who is this guy

in the library with the clown hat?" I heard this and politely informed Chief Deputy
Eston that it wasn't a "clown hat" on my head but a religious head covering. She
then stated, "it looks like a clown hat to me." Chief Deputy Eston's comments were
bigoted, discriminatory, and unprofessional. She violated my First Amendment right
to freely practice my religion without persecution. Jackie Strobe violated by First
Amendment right by not properly training Chief Deputy Eston on being courteous
and professional to inmates' beliefs and practices.

### III. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

In no way does Plaintiff actually allege that Defendants prevented him from exercising his religion in prison. Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Cumbey v. Meachum*, 684

F.2d 712 (10th Cir. 1981); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987). Accordingly, the Court will enter a separate Order dismissing the claims set forth in Plaintiff's complaint.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4414.008